GEORGE P. RICHARDSON *vs.* THE SUFFOLK INSURANCE
COMPANY.

Underwriters caused R. to be insured, for whom it concerned, a certain sum on freight
and another sum on property on board a vessel for a certain voyage. T. & W. were
the persons concerned ; T. being interested in one third of the freight and property,
and W. in two thirds thereof. R. made a claim on the underwriters for a total loss,
and he and they, by an agreement in which they admitted the interest of the party for
whom insurance was effected, referred all claims and demands under the policy to
arbitrators, whose award should be final. The arbitrators awarded that the under
writers should pay R. a total loss, and R. brought an action on the award. *Held,*
that the underwriters could not show in defence that they did not, by the agreement
to refer, intend to admit that insurance was effected for W. ; nor to show that the
question whether insurance was effected for W. was not presented to nor passed upon
by the arbitrators.

A CLAIM, made by the plaintiff on the defendants, was sub-
mitted to arbitrators, by a written agreement of the parties, in
these terms : " This claim is founded on a policy, dated March
4th 1839, whereby the Suffolk Insurance Company caused
George P. Richardson, for whom it concerns, to be insured
$1000 on freight and $2500 on property, on board brig Gov-
ernor Brooks, at and from Montevideo to Havana. The interest
of the party for whom insurance was effected, the lading of the
cargo on board, and the sailing of the vessel on the voyage in-
sured, are admitted. The vessel, by the perils of the sea, was
compelled to put into Bahia, where she was surveyed and con-
demned, and was necessarily sold by order of the survey. The
cargo, which was jerk beef, was also surveyed and ordered by•
the survey to be sold. On discharging it, a small part of it was
thrown overboard in a decayed state, in consequence of being
wet with sea water. The residue was not damaged.

" The assured claims for a total loss of the cargo and freight,
and made an abandonment in due season, which was not ac-
cepted.

" The said parties agree to refer all claims and demands
under the said policy to the arbitrament and award of " [two
persons named, whose award] " shall be conclusive on the
parties."

The award of the arbitrators was, that the defendants should pay to the plaintiff a total loss under said policy.

The plaintiff brought an action on the above submission and award, and also added counts on the policy. At the trial, it was proved or admitted, that A. Wilbur and E. Treat were the persons interested in the property and freight insured ; Wilbur in two thirds thereof, and Treat in one third ; and the defendants objected to the sufficiency of the award to support the action, and offered to prove as follows :  " 1st. That there was no intention, by the agreement of submission, to admit that the insurance was effected, in part or in whole, for A. Wilbur. 2d. That the question, whether the insurance was effected for Wilbur, was not presented to nor passed upon by the referees."

*Putnam* J. before whom the trial was had, ruled that this evidence was inadmissible ; and, under his direction, the jury returned a verdict for the plaintiff for the full amount of his claim. New trial to be granted, if the ruling of the judge was wrong.

*Parsons & P. W. Chandler*, for the defendants.

*C. P. Curtis & B. R. Curtis*, for the plaintiff.

DEWEY, J. The plaintiff insists, that the defendants cannot raise the question of the interest either of Treat or Wilbur in this policy, as the parties have submitted all claims and demands under the same to arbitrators, by a written submission, in which the defendants admitted the interest of the parties, and under which the arbitrators made their award in favor of the plaintiff. On the other hand, the defendants offer to show, by parol evidence, that it was not their intention to admit that the insurance was effected for Wilbur, or was to enure to his benefit.

Upon recurring to the terms of the submission, it seems to us that they are very clear and explicit upon this point. The submission recites the nature of the claim, the form of the policy — as made for whom it concerns — and it distinctly admits the interest of the party for whom the insurance was effected. It also states that the assured claims for a total loss of the cargo and freight. And the parties agree to refer all claims and demands under the said policy to the arbitrament and award of the two persons therein named.

The defendants insist, in reference to the latter part of this agreement, that the submission of all claims under the policy does not prevent the parties from showing that a particular claim or matter in controversy was not in fact brought forward or considered by the arbitrators : And various cases were cited to establish and illustrate this position. But however this might be, and whatever rule might apply to the case, if it stood alone upon the naked agreement to refer all claims and demands under the policy ; we are all clearly of opinion, that the admission by the defendants of the interest of the party, for whom the insurance was effected, must be taken to be a full waiver of all objections, on that point, to the right of the plaintiff to recover to the extent of the whole insurance, if he could satisfy the arbitrators that a loss to that extent had been sustained by the perils insured against, and under such circumstances as to charge the underwriters.

Such being the character of the submission, it was not competent for the defendants, at the trial before the jury, to introduce parol evidence to show that they did not intend to admit that the insurance was effected for the benefit of Wilbur, or to show that the question, whether it was effected for him, was not passed upon by the arbitrators.

If this action had been on the policy, independent of the submission and award, the questions, for whom the insurance was effected, and who may claim under the description of persons "whom it concerns," might have been open to the defendants. But as the case is rested by the plaintiff, as it properly may be, upon the submission and award, these questions are not open. The evidence, which was offered to show that insurance was effected for Treat alone, was therefore properly excluded.

*Judgment on the verdict.*